IN THE MATTER OF EMMA L. GREENHALGH, AN INFANT.

*Infants — an allowance on motion out of the estate of an infant for services, improper — the remedy is by action.*

The Supreme Court has no power to appropriate, upon petition or motion, any part of the estate of an infant to the payment of claims against her.

Where an attorney has rendered services·to an infant, apparently valuable, his only remedy for compensation is by action in which jurisdiction of the infant should be obtained in the usual manner.

APPEAL by John McCrone, petitioner, from an order of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 3d day of February, 1892, denying a motion for an order directing payment out of the estate of Emma L. Greenhalgh, an infant, for legal services rendered by the petitioner to her.

It appeared from the petition of McCrone that he had secured the probate of a will, wrongfully withheld from probate by the father of the infant, and an adjudication as to the proper construction thereof, under which she finally obtained the title and possession of valuable real estate, and also its rents.

*J. McCrone*, for John McCrone, petitioner, appellant.

*J. Fennel*, for the infant, respondent.

PER CURIAM:

We know of no authority conferred upon this court by which it can appropriate, upon petition or motion, any part of the estate of an infant to the payment of claims against the infant. There is no way pointed out by which the court, in such a proceeding, can acquire jurisdiction of the infant. No such power is conferred by statute, nor is it a part of the general equity jurisdiction of the court. In the case of infants the statute is explicit as to the method in which the court is to acquire jurisdiction, and this is always by the service of process upon the infant and the appointment of a guardian.

It would, therefore, appear that the only way in which the appellant can recover his claim against the infant, if it is well founded, is, as was suggested by the court below, by an action. It may be true

that even after judgment application at the foot of the judgment may be necessary in order that the same should be collected out of the estate of the infant, but the court having acquired jurisdiction in the action of the infant, and having rendered judgment against it, has the power to enforce its process.

We, therefore, concur in the views expressed by the learned court below in the opinion rendered upon the reargument, and think that the order appealed from should be affirmed, with costs.

Present—VAN BRUNT, P. J., and O'BRIEN, J.

Order affirmed, with costs.